**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STEEL WORKERS, LOCAL 10-00086,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 15-5374** |
| **v.** | : | |
| | : | |
| **MERCK & CO., INC.,** | : | |
| **Defendant.** | : | |

**MEMORANDUM ORDER**

This 8th day of February, 2016, upon consideration of Defendant's Motion to Dismiss and Plaintiff's Response thereto, it is **ORDERED** that the Motion is **DENIED** for the following reasons.

Plaintiff, United Steel Workers, Local 10-00086 ("the Union"), seeks to vacate an Arbitration Opinion and Award ruling in favor of Defendant, Merck & Co., Inc. ("Merck").   The Union submits that it "rarely appeals arbitration awards" and brings suit here under exceptional circumstances.  *See* Plaintiff's Opposition Brief at 2.   Specifically, the Union does not appeal the Arbitration Award based on mere disagreement with the Arbitrator's weighing of the evidence or interpretation of the controlling collective bargaining agreement ("CBA").  Rather, the Union alleges that the Award "nullifies [certain] bargained-for provisions" of the CBA and "re-writes Article 15 to permit Merck to subcontract at will."  *Id.*  Accordingly, the Union contends that the Award should be vacated because: (1) the Arbitrator exceeded the contractually-delegated authority provided by the CBA; (2) the Award does not "draw its essence from the CBA;" and (3) the Award is the result of the Arbitrator's "own brand of industrial justice."  *Id.*

This Court's review of an arbitrator's award in this context is extremely limited.

1

> In light of the federal policy encouraging arbitration awards, there is a strong presumption in their favor.  However, the Supreme Court has at the same time made it clear that courts will intervene when the arbitrator's award does not "draw[ ] its essence from the collective bargaining agreement" and the arbitrator is dispensing his or her own "brand of industrial justice." . . . To put it differently, if the arbitrator's interpretation is in any rational way derived from the collective bargaining agreement, the arbitration award will not be disturbed.  An arbitration award will not be vacated just because the court believes its interpretation of the agreement is better than that of the arbitrator.  It will be vacated, however, if there is a "manifest disregard" of the agreement.

*Pennsylvania Power Co. v. Local Union No. 272, Int'l Bhd. of Elec. Workers, AFL-CIO*, 276 F.3d 174, 178 (3d Cir. 2001) (internal citations omitted).

Relying largely on the "extremely deferential" standard of review articulated above by the Third Circuit, Merck argues that there is no legal basis to vacate the Arbitrator's award.  *See* Defendant's Motion at 10–12.  Specifically, Merck argues that the Arbitrator issued "a lengthy, well-reasoned decision, which exhaustively cited evidence submitted by both parties," and culminated in an "Award that draws its essence from the CBA."  *Id.* at 12–13.

Defendant makes cogent arguments, and I recognize that Plaintiff faces an uphill battle moving forward given the restrictive standard of review.  However, the controlling pleading standard is plausibility—not probability.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The Union's criticism of the Award is highly precise.  If the Union is correct, the Arbitration Award might amount to a rewriting of the CBA.  At this preliminary stage, where I must accept the allegations of the Complaint at face value, I cannot conclude that the Arbitrator acted within his authority.  Thus, construing all facts and inferences in the Union's favor, I conclude that the Complaint states a plausible claim for relief.

_____ /s/ Gerald Austin McHugh
United States District Court Judge